1    Willard K. Tom
     General Counsel
2

3    Cara Petersen
     K. Michelle Grajales
     cpetersen@ftc.gov; mgrajales@ftc.gov
4    Federal Trade Commission
     600 Pennsylvania Avenue, N.W.
5    Mail Drop NJ 3158
     Washington, DC 20580
6    Tel:  (202)-326-2142 (Petersen)
     Tel:  (202) 326-3172 (Grajales)
7    Fax: (202)-326-3768

8    Faye Chen Barnouw (Local Counsel)            JS - 6
     fbarnouw@ftc.gov
9    California Bar No. 168631
     Federal Trade Commission
10   10877 Wilshire Blvd., Ste. 700
     Los Angeles, CA  90024
11   Tel: (310) 824-4343
     Fax: (310) 824-4380
12

13   Attorneys for Plaintiff FTC

14          **UNITED STATES DISTRICT COURT**
          **CENTRAL DISTRICT OF CALIFORNIA**
15

| | |
|---|---|
| 16   FEDERAL TRADE COMMISSION, | ) |
| 17          Plaintiff, | ) Case No. SACV10-1788-DOC(RZx) |
| 18          v. | ) |
| 19   DEBT.COM MARKETING, LLC, | ) STIPULATED FINAL |
|     a limited liability company, | ) JUDGMENT AND ORDER |
| 20 | ) |
|     MEDIA CHOICE, LLC, | ) |
| 21   a limited liability company, | ) |
|     also d/b/a MediaChoice, LLC, | ) |
| 22 | ) |
|     800 CREDIT CARD DEBT, LLC, | ) |
| 23   a limited liability company, | ) |
|     also d/b/a 800 Credit Crad [sic] Debt, LLC, | ) |
| 24   800CreditCardDebt.com, | ) |
|     and 800ccd.com, and | ) |
| 25 | ) |
|     STEPHEN TODD COOK, | ) |
| 26   individually and as an officer | ) |
|     of Debt.com Marketing, LLC, | ) |
| 27   Media Choice, LLC, | ) |
|     and 800 Credit Card Debt, LLC, | ) |
| 28 | ) |
|          Defendants. | ) |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed a Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §53(b), to obtain permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, the disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

The Complaint alleges that Defendants engaged in unfair or deceptive acts or practices in advertising and marketing debt relief services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

The parties, by and through their respective counsel, have agreed to entry of this Stipulated Final Judgment and Order ("Order") by this Court without trial or adjudication of any issue of fact or law and without the Defendants admitting liability for any of the matters alleged in the Complaint.  Defendants waive any right that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and any claims they may have against the Commission, its employees, representatives, or agents. Defendants have waived service of the Summons and Complaint.

The parties having requested the Court to enter this Order, it is therefore ORDERED, ADJUDGED, AND DECREED as follows:

**FINDINGS**

1.     This Court has jurisdiction over the subject matter and over the parties.

2.     The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 53(b).

3.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

4.     The activities of Defendants are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44, as amended.

5.     Defendants have read and fully understand the Complaint against them and the provisions of this Order, and they freely enter into this Order.

2

1      6.      Defendants waive all rights to seek judicial review or otherwise challenge or

2  contest the validity of this Order.

3      7.      This Order is in addition to, and not in lieu of, any other civil or criminal

4  remedies that may be provided by law.

5      8.      Entry of this Order is in the public interest.

6                                    **ORDER**

7                                 **DEFINITIONS**

8      For the purpose of this Order, the following definitions shall apply:

9      A.      **"Assisting others"** includes, but is not limited to:

10             1.      performing customer service functions, including, but not limited to,

11                     receiving or responding to consumer complaints;

12             2.      formulating or providing, or arranging for the formulation or provision of,

13                     any advertising or marketing material;

14             3.      formulating or providing, or arranging for the formulation or provision of,

15                     any marketing support materials or services, which includes but is not

16                     limited to web addresses or Internet Protocol addresses for any Internet

17                     websites, telemarketing sales scripts, affiliate marketing services, or media

18                     placement services;

19             4.      providing names of, or assisting in the generation of, potential customers;

20             5.      performing marketing or billing services of any kind; and

21             6.      acting or serving as an owner, officer, director, manager, or principal of

22                     any entity.

23     B.      **"Competent and reliable evidence"** means tests, analyses, research, studies, or

24             other evidence based on the expertise of professionals in the relevant area, that

25             has been conducted and evaluated in an objective manner by persons qualified to

26             do so, using procedures generally accepted in the profession to yield accurate and

27             reliable results.

28     C.      **"Consumer"** means any natural person.

                                      3

D.    **"Corporate Defendants"** means Debt.com Marketing, LLC; Media Choice, LLC also d/b/a MediaChoice, LLC; and 800 Credit Card Debt, LLC also d/b/a 800 Credit Crad [sic] Debt, LLC, 800CreditCardDebt.com, and 800ccd.com; and each of their successors and assigns.

E.    **"Customer"** means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by the Defendants.

F.    **"Debt relief service"** means any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

G.    **"Defendants"** means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

H.    **"Distribution(s)"** means any direct or indirect transfer of money, securities, or other property from the Investment Properties or either of them to, or for the benefit of, the Individual Defendant.

I.    **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

J.    **"Financial related product or service"** means any product, service, plan or program represented, expressly or by implication, to:

    1.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

    2.    improve, or arrange to improve, any consumer's credit record, credit

history, or credit rating;

3.   provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

4.   provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; or

5.   provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

K.   **"Individual Defendant"** means Stephen Todd Cook.

L.   **"Investment Properties"** means the Individual Defendant's:

1.   2% ownership interest in the Two Oceans Fund, L.P. investment fund; and

2.   2% ownership interest in the Two Oceans Fund II, L.P. investment fund.

M.   **"Investment Property Net Proceeds"** means the total proceeds from the sale or liquidation of the Investment Properties, individually or collectively, after payment of any reasonable and customary fees incurred in connection with such sale or liquidation that have been approved by counsel for the FTC, which approval shall not be unreasonably withheld.

N.   **"Person"** means a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

O.   **"Real Properties"** means:

1.   the real property and dwelling house located at 38541 Shoal Creek Drive, Murrieta, California;

2.   the condominium located at 38707 Muirfield Drive, Murrieta, California; and

5

3.      the real properties located at Plots 32 and 33, Coakley Bay, East End "B,"
St. Croix, United States Virgin Islands (Public Works Drawing 4839);
together with any other structures, improvements, appurtenances, hereditaments,
and other rights appertaining or belonging thereto.

P.      **"Real Property Net Proceeds"** means the total proceeds from the sale or auction
of the Real Properties, individually or collectively, after payment of obligations
due and owing to any and all valid mortgage holders and other priority lien
holders, any property taxes owed, any adjustments in favor of the buyer(s)
required to sell the Real Properties, and any reasonable and customary real estate
agent fees and closing costs incurred in connection with such sale or auction that
have been approved by counsel for the FTC, which approval shall not be
unreasonably withheld.

## BAN ON DEBT RELIEF SERVICES

## I.

IT IS THEREFORE ORDERED that Defendants, whether acting directly or through any
other person, are permanently restrained and enjoined from:

A.      Advertising, marketing, promoting, offering for sale, or selling any debt relief
service; and

B.      Assisting others engaged in advertising, marketing, promoting, offering for sale,
or selling any debt relief service.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

## II.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants,
employees, and attorneys, and those persons or entities in active concert or participation with
any of them who receive actual notice of this Order by personal service, facsimile transmission,
email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or
other device, in connection with the advertising, marketing, promotion, offering for sale, or sale

of any financial related product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

     A.     The terms or rates that are available for any loan or other extension of credit;

     B.     Any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;

     C.     That any person can obtain a modification of any secured loan or mortgage or postpone or cancel the foreclosure of any property by renegotiating, settling, or in any other way altering the terms of payment or other terms of such debt; or

     D.     That a consumer will receive legal representation.

## PROHIBITED MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

### III.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

     A.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

     B.     That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

7

C.    That they themselves provide the product, service, plan, or program;

D.    That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

E.    That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

F.    The total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

G.    Any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program; or

H.    Any material aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

**SUBSTANTIATION FOR BENEFIT, PERFORMANCE,**

**AND EFFICACY CLAIMS**

**IV.**

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service are hereby permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any financial related product or service, unless at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

**PROHIBITION ON DISCLOSING CUSTOMER INFORMATION**

**V.**

8

1   IT IS FURTHER ORDERED that Defendants and their officers, agents, servants,

2   employees, and attorneys, and those persons or entities in active concert or participation with

3   any of them who receive actual notice of this Order by personal service, facsimile transmission,

4   email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or

5   other device, are permanently restrained and enjoined from:

6    A.   Disclosing, using, or benefitting from customer information, including the name,

7        address, telephone number, email address, Social Security number, other

8        identifying information, or any data that enables access to a customer's account

9        (including a credit card, bank account, or other financial account), of any person

10       which any Defendant obtained prior to the date of entry of this Order in

11       connection with the marketing or promotion of debt relief services; and

12    B.   Failing to dispose of such customer information in all forms in their possession,

13       custody, or control within thirty (30) days after the date of entry of this Order.

14       Disposal shall be by means that protect against unauthorized access to the

15       customer information, such as by burning, pulverizing, or shredding any papers,

16       and by erasing or destroying any electronic media, to ensure that the customer

17       information cannot practicably be read or reconstructed.

18   *Provided, however,* that customer information need not be disposed of, and may be disclosed, to

19   the extent requested by a government agency or required by a law, regulation, or court order.

20   **MONETARY JUDGMENT**

21   **VI.**

22   IT IS FURTHER ORDERED that a judgment for equitable monetary relief is hereby

23   entered jointly and severally against Defendants in the amount of TWENTY-EIGHT MILLION,

24   TWO HUNDRED TWENTY-TWO THOUSAND, ONE HUNDRED FIFTY-THREE

25   DOLLARS ($28,222,153); *provided, however*, that this judgment shall be suspended, subject to

26   the provisions of Section VII, upon completion of the requirements of Sections VI.A through

27   VI.K:

28    A.   Defendants shall, within ten (10) business days from the date of entry of this

Order, transfer all funds held in accounts in the name of, or controlled by, any Corporate Defendant, including but not limited to accounts at Wells Fargo Bank, N.A. with account numbers ending in 1765, 7617, and 6629 (the "Account Funds"), to the Commission or its designated agent, or as otherwise provided in Section VI.F of this Order.

B.     Individual Defendant shall, within twelve (12) months from the date of entry of this Order, sell the Investment Properties and, within twenty (20) business days of the sale of the Investment Properties or either of them, transfer the Investment Property Net Proceeds to the Commission or its designated agent, or as otherwise provided in Section VI.F of this Order, pursuant to the following provisions:

1.     Individual Defendant shall make all good faith efforts necessary to sell promptly the Investment Properties for fair market value and shall comply with all reasonable requests from counsel for the FTC related to the sale of the Investment Properties, including, but not limited to, obtaining any necessary assistance and approval from the general partner of the Investment Properties, retaining a broker or other professional to market the Investment Properties, signing contracts for the sale of the Investment Properties, and signing all documents necessary or appropriate for the transfer of the Investment Properties to a new buyer.

2.     Any offers received by Individual Defendant to purchase the Investment Properties or either of them shall be in writing and shall be approved by counsel for the FTC prior to offer or acceptance by Individual Defendant, which approval shall not be unreasonably withheld.

3.     In the event of a Distribution, Individual Defendant shall, within twenty (20) business days of receiving the Distribution, transfer the full amount of the Distribution to the Commission or its designated agent, or as otherwise provided in Section VI.F of this Order.  In the event that the Investment Properties, or either of them, are liquidated, Individual

Defendant shall, within twenty (20) business days of the liquidation,

transfer the Investment Property Net Proceeds to the Commission or its

designated agent, or as otherwise provided in Section VI.F of this Order.

4.     Within twenty (20) business days of the sale or liquidation of the

Investment Properties or either of them, Defendants shall provide counsel

for the FTC with:  (a) proof of such sale or liquidation, including the

amount paid for each investment; and (b) documentation showing all

Distributions received by Individual Defendant since the date of entry of

this Order.

C.     Individual Defendant shall, within twelve (12) months from the date of entry of

this Order, sell the Real Properties and, within twenty (20) business days of the

sale of the Real Properties or any of them, transfer the Real Property Net Proceeds

to the Commission or its designated agent, or as otherwise provided in Section

VI.F of this Order, pursuant to the following provisions:

1.     Individual Defendant shall make all good faith efforts necessary to sell

promptly the Real Properties for fair market value and shall comply with

all reasonable requests from counsel for the FTC related to the sale of the

Real Properties, including, but not limited to, signing listing contracts with

real estate agents, keeping the Real Properties in good repair, keeping the

Real Properties in a condition suitable for showing to prospective

purchasers, signing contracts for the sale of the Real Properties, and

signing all documents necessary or appropriate for the transfer of the Real

Properties to a new buyer.

2.     For each of the Real Properties, Individual Defendant shall provide to

counsel for the FTC as soon as possible, and in any event not later than

one (1) week prior to the closing date for the sale of the property:  (a) a

copy of the executed contract relating to the proposed sale; (b) written

notice of the closing date; (c) contact information for the closing agent,

11

including the name, address and telephone number of the individual closing agent; and (d) a copy of the Good Faith Estimate to be used in connection with the closing.

3.    For each of the Real Properties, Defendants shall provide to counsel for the FTC, within two (2) days of closing, a copy of the final HUD-1 settlement statement or, if a HUD-1 settlement statement is not available, any similar such documents relating to the consummation of the sale of the property.

4.    Within twenty (20) business days of the sale or auction of the Real Properties or any of them, Individual Defendant shall provide counsel for the FTC with:  (a) proof of such transfer, including the amount paid for each Real Property; (b) proof of payment of any applicable liens, mortgages, or security interests; and (c) proof of payment of any reasonable and customary brokerage fees, commissions, and closing costs.

5.    In the event that the Real Properties or any of them have not sold within twelve (12) months of the date of entry of this Order, Individual Defendant shall undertake the necessary steps to auction the property, including, but not limited to the following:

   a.    Individual Defendant shall retain an auction company and direct it to sell all interests in the property at a public auction to occur within fourteen (14) months from the date of entry of this Order;

   b.    Individual Defendant shall obtain from counsel for the FTC written approval of the auction company and the terms that Individual Defendant establishes for the auction, which approval shall not be unreasonably withheld;

   c.    Within twenty (20) business days of the auction of the Real Properties or any of them, Individual Defendant shall transfer the Real Property Net Proceeds, if any, to the Commission or its

designated agent, or as otherwise provided in Section VI.F of this Order; and

    d.    If the property remains unsold after auction, Individual Defendant shall market and re-auction the property until sold.

6.    Individual Defendant hereby releases and waives any statutory, common law, or other homestead exemption that may apply to the Real Properties or any of them, and shall not declare and claim any homestead exemption in the Real Properties.

7.    If a valid mortgage holder declares Individual Defendant in default of his mortgage with respect to the Real Properties or any of them and forecloses, upon providing counsel for the FTC with documented proof of the foreclosure, Defendants shall be deemed in compliance with this Section with respect to that property.

D.    To secure performance of Defendants' obligations under Sections VI.B, VI.C, and VI.F of this Order with regard to the Investment Properties and the real property located at Plots 32 and 33, Coakley Bay, East End "B," St. Croix, United States Virgin Islands (Public Works Drawing 4839) (the "Virgin Island Properties"):

1.    Individual Defendant grants to the Commission a lien on and a security interest in each of the Investment Properties and the Virgin Island Properties, each of which shall terminate upon Individual Defendant's transfer of all interests in each such property and remittance of any resulting Investment Property Net Proceeds and Real Property Net Proceeds to the Commission or its designated agent, or as otherwise provided in Section VI.F of this Order.  The Commission also shall promptly release a lien or security interest to the extent necessary to permit the sale of the Investment Properties, the Virgin Island Properties, or any of them, provided that Defendants remit the Investment Property Net Proceeds and Real Property Net Proceeds from the sale of the Virgin

13

1    Island Properties to the Commission or its designated agent, or as

2    otherwise provided in Section VI.F of this Order, upon closing of the sale.

3   2.    Defendants shall cooperate fully with the Commission and be responsible

4    (at their expense) for preparing, executing, and recording the necessary

5    instruments and documents, obtaining any necessary approval from the

6    general partner of the Investment Properties, and doing whatever else the

7    Commission deems necessary or desirable to perfect, evidence, continue,

8    and terminate the liens and security interests granted herein.  Defendants

9    also shall be responsible for paying all related fees and costs, including

10    attorneys' fees and filing fees.

11   3.    Defendants shall deliver to the Commission copies of the instruments and

12    documents necessary to perfect the liens and security interests granted

13    herein, in form and substance satisfactory to the Commission, no later than

14    five (5) business days after the date on which the Commission authorizes

15    staff to sign this Order.  Defendants shall record these documents and

16    provide counsel for the FTC with proof thereof within ten (10) business

17    days of the date of entry of this Order.

18   E.    Individual Defendant represents and acknowledges that the Commission is relying

19    on the material representations that he is the sole owner of the Investment

20    Properties and Real Properties; that title to each of the Investment Properties and

21    Real Properties is marketable; and that none of the Investment Properties or Real

22    Properties is encumbered by any lien, mortgage, deed of trust, assignment,

23    pledge, security interest, or other interest except for the liens, mortgages, or

24    security interests identified in Defendants' sworn financial statements and the

25    sworn addendum thereto, submitted by Defendants to the Commission on July 26,

26    2010 and August 19, 2010, respectively.

27   F.    Defendants shall transfer the Account Funds, Investment Property Net Proceeds,

28    Distributions, and Real Property Net Proceeds, if any, pursuant to the time

14

periods provided in this Section to:

1.   The Commission or its designated agent by wire transfer in accordance with wiring instructions to be provided by counsel for the FTC; or

2.   The Internal Revenue Service ("IRS"), the state of California, or the state of New York (collectively, the "Tax Authorities") in full or partial satisfaction of Individual Defendant's 2007, 2008, and 2009 income tax obligations, or Robb Evans & Associates LLC, the receiver in *FTC v. AmeriDebt, Inc., et al.* (Civil Action No. PJM 03-3317) (the "*AmeriDebt* Receiver"), in full or partial satisfaction of the funds Corporate Defendant Media Choice, LLC and Individual Defendant owe to the *AmeriDebt* Receiver pursuant to their June 18, 2007 Settlement Agreement.

*Provided, however*, that within ten (10) business days of making each such payment, Defendants must provide counsel for the FTC documented proof of the payment, which proof must demonstrate that the Account Funds, Investment Property Net Proceeds, Distributions, or Real Property Net Proceeds have been remitted to the Tax Authorities or the *AmeriDebt* Receiver in satisfaction of the obligations described in this Section VI.F.2, and shall include, but not be limited to, receipts, tax fulfillment letters, and other such documents showing the dates and amounts of the payments.

3.   Individual Defendant agrees that he will not, whether acting directly or through any corporation, partnership, limited liability company, division, subsidiary, trade name, or other entity or device, submit to any federal or state tax authority any tax return, amended tax return, or other official document that seeks a tax refund, tax credit, or any other tax benefit for any of the payments that are enumerated in this Section.  Individual Defendant shall deliver to counsel for the FTC copies of all of his signed and completed federal and state income tax returns for tax year 2009, including all related forms, schedules, statements, and attachments, within

15

ten (10) business days after each such return is officially filed.  Individual Defendant also shall deliver to counsel for the FTC copies of any amended federal and state income tax returns, including all related forms, schedules, statements, and attachments, that he files for each tax year for which payments enumerated in this Section are made to the Tax Authorities within ten (10) business days after each such amended return is officially filed.  Individual Defendant shall, within thirty (30) days after his final date permitted by the IRS for filing an amended federal tax return for that tax year, sign and submit to the IRS an IRS Form 4506, along with a payment to the IRS of the Form 4506 fee, directing the IRS to send to counsel for the FTC a copy of his original and amended tax returns that he filed with the IRS for that tax year.

4.    If Defendants fail to transfer the Account Funds, Investment Property Net Proceeds, Distributions, or Real Property Net Proceeds in accordance with this Section, then judgment in the amount of TWENTY-EIGHT MILLION, TWO HUNDRED TWENTY-TWO THOUSAND, ONE HUNDRED FIFTY-THREE DOLLARS ($28,222,153) shall be entered and will become immediately due and payable, less any amounts already paid.  *Provided, however*, that Defendants shall have a fourteen (14) day period in which to cure their default.

G.    All funds received by the Commission pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, restitution and any attendant expenses for the administration of such equitable relief.  In the event that direct restitution to consumers is wholly or partially impracticable or funds remain after restitution is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds

16

not used for such equitable relief shall be deposited to the U.S. Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section, and shall have no right to contest the manner of distribution chosen by the Commission. This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

H.     In the event of any default on Defendants' obligation to make payment under this Section, interest, computed pursuant to 28 U.S.C. § 1961, as amended, shall accrue from the date of default to the date of payment, and shall immediately become due and payable.

I.     Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

J.     Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

K.     In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they already have done so, to furnish to the Commission taxpayer identifying numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of their relationship with the government.

**RIGHT TO REOPEN**

**VII.**

17

IT IS FURTHER ORDERED that:

A.  The FTC's agreement to this Order, requiring that the judgment be suspended for less than the full amount of the judgment, is expressly premised upon the truthfulness, accuracy and completeness of Defendants' financial condition, as represented in Defendants' sworn financial statements and the sworn addendum thereto, submitted by the Defendants to the Commission on July 26, 2010 and August 19, 2010, respectively, along with Defendants' supporting financial documents (collectively, "Financial Statements"), and compliance with Section VI of this Order.  The Financial Statements contain material information upon which the FTC relied in negotiating and agreeing to this Order.  If, upon motion by the FTC, this Court finds that Defendants failed to disclose any material asset or materially misstated the value of any asset in the Financial Statements, made any other material misstatement or omission in the Financial Statements, or violated Section VI of this Order in any material respect, the Court shall enter judgment in the amount of TWENTY-EIGHT MILLION, TWO HUNDRED TWENTY-TWO THOUSAND, ONE HUNDRED FIFTY-THREE DOLLARS ($28,222,153) in equitable monetary relief against Defendants, plus interest computed at the rate prescribed in 28 U.S.C. § 1961(a) which shall immediately begin to accrue, less any amounts previously paid by Defendants to the Commission.  ***Provided, however, that***:

1.  In all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and

2.  Proceedings instituted under this Section would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order.

B.  Each party shall bear its own costs and attorneys' fees incurred in connection with any action brought pursuant to Section VII.

## COMPLIANCE MONITORING

## VIII.

IT IS FURTHER ORDERED that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of any Defendants' financial statements upon which the Commission's agreement to this Order is expressly premised:

A.      Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1.      obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

2.      having its representatives pose as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.      Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

***Provided, however,*** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## **COMPLIANCE REPORTING**

## **IX.**

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.       For a period of five (5) years from the date of entry of this Order,

1.       Each Individual Defendant shall notify the Commission of the following:

a.       any changes in such Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b.       any changes in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

c.       any changes in such Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change.

2.       Defendants shall notify the Commission of any changes in structure of any Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect

compliance obligations arising under this Order, including but not limited to:  incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendants each shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

1.    For each Individual Defendant:

a.    such Defendant's then-current residence address, mailing addresses, and telephone numbers;

b.    such Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

c.    any other changes required to be reported under Subsection A of

21

this Section.

2.     For all Defendants:

     a.     a copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

     b.     any other changes required to be reported under Subsection A of this Section.

C.     Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.     For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission required by this Order to:

     Associate Director for Enforcement

     Bureau of Consumer Protection

     Federal Trade Commission

     600 Pennsylvania Avenue, N.W.

     Washington, D.C. 20580

     RE:  *FTC v. Debt.com Marketing, LLC, et al.*

*Provided* that, in lieu of overnight courier, Defendants may send such reports or notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at:  DEbrief@ftc.gov.

E.     For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Defendant.

## RECORD KEEPING PROVISIONS

## X.

22

IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of this Order, Corporate Defendants, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service, and Individual Defendants for any business for which they, individually or collectively, are the majority owner or directly or indirectly control, are hereby restrained and enjoined from failing to create and retain the following records:

A.     Accounting records that reflect the cost of products, services, plans, or programs sold, revenues generated, and the disbursement of such revenues;

B.     Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.     Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of products, services, plans, or programs purchased, and description of products, services, plans, or programs purchased, to the extent such information is obtained in the ordinary course of business;

D.     Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.     Copies of all sales scripts, training materials, advertisements, direct mail solicitations, contracts sent to consumers, or other marketing materials; and

F.     All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## **DISTRIBUTION OF ORDER**

### **XI.**

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants must deliver copies of this Order as directed below:

A.   Corporate Defendant:  Each Corporate Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.   Individual Defendant as control person:  For any business that an Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section

24

titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.      Individual Defendant as employee or non-control person:  For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.      Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

### XII.

IT IS FURTHER ORDERED that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

### XIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

DATED this 23 day of November, 2010.

_David O. Carter_
UNITED STATES DISTRICT JUDGE

25